CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 03 2005

JOHN F. CORCORAN, CLERK
BY: /s/ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CRAIG HAMMONDS, # 10167-084,<br>    Petitioner, | Civil Action No. 7:05cv 00262 |
| v. | MEMORANDUM OPINION |
| UNITED STATES OF AMERICA,<br>    Respondent. | By: Jackson L. Kiser<br>Senior U.S. District Judge |

Petitioner Craig Hammonds, #10167-084, an inmate proceeding pro se, brings this action to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255. On April 15, 2003, petitioner plead guilty to one count of conspiracy and was sentenced to eight years imprisonment.[1] Petitioner did not appeal his conviction.

Hammonds then filed this Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. In his petition, Hammonds requests re-sentencing as a result of a new constitutional rule announced in the Supreme Court's opinions in Blakely v. Washington, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004) and United States v. Booker, 125 S. Ct. 738 (Jan. 12, 2005). However, because I find that this motion is untimely; I will, dismiss it pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings.

A motion under 28 U.S.C. § 2255 must be brought within one year from the latest of the following: (1) the date on which the sentence under attack became final, (2) the removal of some governmental impediment to filing the motion, (3) the date on which the legal predicate for the motion was initially recognized by the United States Supreme Court or (4) the date on which the factual predicate for the motion could have been discovered through the exercise of due diligence.

---

[1] At the time of the criminal act, petitioner was on probation pursuant to the sentence rendered on his prior convictions for drug possession.

For purposes of the one-year limitations period for filing motions to vacate, the defendant's conviction becomes final on the date on which the district court enters judgment if the defendant declines to pursue direct appellate review. United States v. Sanders, 247 F.3d 139, 144 (4th Cir. 2001), cert. denied, 70 U.S.L.W. 3339 (U.S. Nov. 13, 2001) (No. 01-6715). In United States v. Torres, the Fourth Circuit Court of Appeals held that "for purposes of a § 2255 [petition] the conviction of a federal prisoner whose conviction is affirmed by this Court and who does not file a petition for certiorari becomes final on the date that this Court's mandate issues in his appeal." Torres, 211 F.3d 836, 837 (4th Cir. 2000). Accordingly, under this reasoning, Hammonds's conviction became final on the date upon which he declined to pursue direct appellate review.

Since Hammonds did not appeal his conviction, it became final on April 15, 2003, when he was sentenced. Petitioner did not file this motion until April 11, 2005. Accordingly, it is clear that the one-year time period in which to file a timely § 2255 petition had run by the time this petition was filed. Hammonds does not offer any evidence to show that he was prevented from timely filing a § 2255 motion.

To get around the one year limitations period, it appears that Hammonds is attempting to claim that Blakely is a new rule, which is retroactive to cases on collateral review and that as such it restarts the limitation period pursuant to 28 U.S.C. § 2255 ¶ 6(3). However, this court has held that Blakely does not apply retroactively to cases on collateral review. See Lilly v. United States, 342 F. Supp. 2d 532 (W.D.Va. 2004). In addition, because Hammonds has admitted that he did not appeal his sentence, it is clear that his claims would be procedurally barred. See Bousley v. United States, 523 U.S. 614, 621 (1998).

Because Hammonds's petition is untimely, the court must dismiss his petition. In

addition, even if his claims were timely, the rule in Blakely does not apply retroactively to Hammonds's case. An appropriate order will be entered this day.

The petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a circuit court of appeals justice or this court issues a certificate of appealability, pursuant to 28 U.S.C. §2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. §2253(c)(1). Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, this court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473 (2000). If petitioner intends to appeal and seek a certificate of appealability from the Circuit Court of Appeals for the Fourth Circuit, his first step is to file a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk of the Court is directed to send certified copies of this Memorandum Opinion and accompanying Order to petitioner.

ENTER: This 3rd day of May, 2005.

Senior U.S. District Judge